## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BRANDON G. MORRIS | ) | CASE NO. 15-10860(1)(7) |
| DANA BELLAIR | ) | |
| | ) | |
| Debtor(s) | ) | |

### MEMORANDUM-OPINION

This matter is before the Court on the Objection to Exemption filed by Creditors Joe and Darlene Ryan ("Creditors"). The Court considered the Objection of Creditors, the Response to the Objection filed by Debtors Dana Bellair and Brandon G. Morris ("Debtors"), the Reply to the Debtors' Response filed by the Creditors, the comments of counsel for the parties at the hearing held on the matter, the Amended Reply filed by the Creditors and the Amended Response to the Creditors' Reply filed by the Debtors after the hearing. For the following reasons, the Court will **SUSTAIN** the Creditors' Objection.

### FACTS

On April 30, 2007, Debtors and Mary Ann Morris, the mother of Debtor Brandon Morris, purchased approximately 37 acres, hereinafter referred to as "the Farm"– Deed Book 374, Page 415.[1] Debtors and Mary Ann Morris each owned an undivided one-half interest in the property.

---

[1] All references to Deed Books refer to the records of the Clerk of Logan County, Kentucky.

On February 8, 2008, Debtors purchased a house, referred to hereinafter as "the House". – Deed Book 379, Page 599 and additional land as referenced in Deed Book 379, Page 603. The additional land was purchased by Debtors and Mary Ann Morris.

On September 12, 2014, Mary Ann Morris and the Debtors conveyed 7.7 acres of the Farm to the Commonwealth of Kentucky/Kentucky Transportation Cabinet ("KTC") under threat of condemnation – Deed Book 421, Page 338. The KTC purchased the 7.7 acres in order to construct a bypass through the Farm. The bypass acreage purchased by KTC essentially split the Farm property in half.

On October 24, 2014, Debtors and Mary Ann Morris sold the additional land referenced in Deed Book 379, Page 603 to Kevin and Debbie Robertson as referenced in Deed Book 421, Page 769.

On August 27, 2015, Debtors filed their Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

On November 18, 2015, Debtors sold the House as referenced in Deed Book 428, Page 75 for $255,000 with all proceeds of the sale going to Citizens First Bank, the mortgage holder of the property.

## LEGAL ANALYSIS

Debtors Amended Schedule C to their Petition to claim the following property as exempt pursuant to 11 U.S.C. § 522(d)(1):

> Real property located at 220 Thoroughbred Lane, Russellville, Logan County, KY and adjacent 51 acres in three tracts immediately adjacent to residence located at 220 Thoroughbred Lane.

Debtors claim they are entitled to a homestead exemption of $44,315 under 11 U.S.C. § 522(d)(1). At the time Debtors' Petition was filed, the statute provided for an exemption of the debtors' aggregate interest in real or personal property that the debtor or a dependent uses as a residence up to the value of $22,975. The Affidavit of Brandon Morris filed in support of Debtors' Response to the Creditors' Objection indicates that the Debtors intended to use the House and all of the property surrounding the House as their residence.

Initially, the Debtors claimed they were entitled to apply the homestead exemption to the Farm acreage bought prior to the time the Debtors purchased the House, the House and adjoining acreage. Supplemental briefing, however, established problems with Debtors' claims.

First, prior to the date the Petition was filed, Debtors and Mary Ann Morris sold 7.7 acres of the Farm to the Kentucky Transportation Cabinet under threat of condemnation. This property was to be used by the KTC as part of a bypass through the Farm. This narrow strip of property essentially cut the Farm property in half. This resulted in 23.687 acres in Tract 2 no longer being directly adjacent to the Farm and House. Under *Lanier v. Beaman*, 394 B.R. 382 (E.D. N.C. 2008) and this Court's decision, *In re Beck*, 471 B.R. 187, 189 (Bankr. W.D. Ky. 2012), property separated from the residence or bought separately from land where the residence is located, is not considered part of the debtors' residence for purposes of the homestead exemption.

To the extent Debtors are entitled to an exemption in the remaining property adjacent to the House, the exemption is only applicable to the Debtors' partial interest in the property. 4 Collier on Bankruptcy ¶ 522.09[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) states, "If the debtor owns only a partial interest in the property, either because of joint ownership or because the debtor owns only a partial interest in the property, either because of joint ownership . . . the exemption is

applied against the market value of the partial interest." The Farm acreage purchased prior to the residence consisted of Tract 1 which contained 13.133 acres and Tract 2 which contained 23.687 acres. The Tract 2 acreage, however, cannot be considered part of the homestead due to the bypass project of KTC. Debtors co-owned the remaining acreage in Tract 1 with Mary Ann Morris. The Court, however, was not provided with any valuation of the Debtors' interest in this jointly owned property.

Approximately one year after purchasing the Farm acreage, on February 8, 2008, Debtors purchased the House and additional acreage. The additional acreage was purchased jointly by Debtors and Mary Ann Morris. The additional acreage purchased with the House was sold by the Debtors and Mary Ann Morris prior to the date of the filing of the Bankruptcy Petition. This acreage, therefore, is not included in any part of the residence for purposes of the homestead exemption.

Several months after the Petition was filed, on October 18, 2015, the mortgage holder on the House obtained stay relief and sold the property for $255,000. All proceeds from that sale went to the mortgage holder and thus, no funds from that transaction are available for Debtors to apply toward the homestead exemption.

Subsequently, the Trustee sold the remaining 36 acres comprised of Tract 1 and Tract 2 for a total of $176,550. The acreage in Tract 2 was separated from the Farm by the KTC bypass project and not available for the exemption. In their Amended Reply to the Creditors' Objection to the exemption, Debtors claimed they are entitled to claim the proceeds from the sale of Tract 1 as their homestead exemption. However, the Debtors were not the sole owners of this property and there is no evidence in the record as to how much of the sale proceeds for the acreage on Tract 1

comprised Debtors' interest in Tract 1. The Court cannot determine the amount of the sales proceeds, if any, that may be applicable to the homestead exemption.

As the parties objecting to the claimed exemption, Creditors had the burden of proof on the issue of whether Debtors' were entitled to the exemption. Fed. R. Bankr. P. 4003(c). The acquisition and disposition of the various tracts of land are confusing at best. However, what is clear is that Debtors did not make a defensible claim when confronted with Creditors' well supported Objection to Debtors' claim to the homestead exemption. Creditors met their burden of proof and Debtors failed to rebut the evidence put forth by Creditors in support of their Objection. Accordingly, the Objection to the Debtors' homestead exemption must be **SUSTAINED**.

## CONCLUSION

For all of the above reasons, the Creditors established that Debtors were not entitled to the homestead exemption claimed under 11 U.S.C. § 522(d). Accordingly, the Court must **SUSTAIN** the Creditors' Objection to the Debtors claimed homestead exemption as set forth in Amended Schedule C to Debtors' Petition. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: July 12, 2017

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BRANDON G. MORRIS ) | CASE NO. 15-10860(1)(7) |
| DANA BELLAIR ) | |
| ) | |
| Debtor(s) ) | |

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Objection to Claim of Exemption filed by Creditors Joe and Darlene Ryan, be and hereby is, **SUSTAINED**. The real property located at 220 Thoroughbred Lane, Russellville, Logan County, KY and adjacent 51 acres in three tracts immediately adjacent to the residence located at 220 Thoroughbred Lane does not qualify for the homestead exemption under 11 U.S.C. § 522(d)(1).

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: July 12, 2017